786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAUL W. ROBERTSON, JR., Plaintiff-Appellant,
v.
OTIS ELEVATOR COMPANY, Defendant-Appellee.
 84-1356
 United States Court of Appeals, Sixth Circuit.
 2/25/86
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: CONTIE and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from a jury verdict for defendant in this product liability action. On appeal plaintiff argues (1) the trial court abused its discretion when it denied his mid-trial motion to dismiss a juror based on an alleged social relationship with a nonparty witness, and (2) the trial court erred when it granted defendant's motion to quash the scheduled video taped deposition and prospective trial testimony of a medical expert who had been retained by defendant. For the reasons which follow, we affirm.
 
 I.
 
 2
 At approximately 2:30 p.m. on April 4, 1981, plaintiff, a shipping clerk at the Ford Motor Company Utica Trim Plant ('Ford'), was at or near his desk in the shipping area. Plaintiff and several other employees in the immediate area were waiting to 'punch out' at the time clock which was located in plaintiff's work area. Another employee, Daniel Gill, was standing on or by a Motorized Transport Unit ('MTU'), which was parked three to five feet away from plaintiff's desk. While Gill was waiting, he leaned against some of the controls on the MTU, and the MTU went forward striking plaintiff in the back of the knee.
 
 
 3
 On March 19, 1982, plaintiff filed a complaint in Wayne County, Michigan, Circuit Court. On petition by defendant the case was removed to the United States District Court for the Eastern District of Michigan. Plaintiff alleged that defendant Otis Elevator Company had negligently designed a spring in the switch unit of the MTU which struck plaintiff. Defendant's theory was that the MTU, which had been in the exclusive control of Ford for seven years prior to the accident, had been poorly maintained and misused by Ford. A jury trial was held on April 10, 11, 12, 13, and 16, 1984. At the conclusion of the trial on April 16, 1984, the jury returned its verdict against plaintiff, finding no negligence on the part of defendant. The district court entered judgment in favor of defendant on the same date.
 
 II.
 A. Motion To Excuse Juror
 
 4
 Plaintiff argues that during trial one of the jurors should have been replaced with an alternate juror. The following facts are relevant to this argument. The voir dire was conducted by the district court. Prior to trial the parties submitted questions to the district court for use during the voir dire. Among the questions submitted was the following:
 
 
 5
 20. Have you heard of any of the following witnesses which may be called at time of trial? (See Witness List)
 
 
 6
 Although the district court did not propound this question, neither party objected, and at the conclusion of the voir dire, counsel for both parties stated that they had no challenges. App. at 116.
 
 
 7
 Four days into trial one of defendant's witnesses informed plaintiff's counsel that one of the jurors, Father Peter Vanderlin, a Catholic priest, was a social friend of his. Specifically, witness John Avey informed plaintiff's counsel that he had attended hockey games with Father Vanderlin. Plaintiff's counsel relayed this information to the trial court and requested that Father Vanderlin be excused and an alternate juror be empaneled. The trial court denied the motion. On appeal plaintiff argues that this denial was reversible error.
 
 
 8
 The decision of whether to empanel an alternate juror is, of course, discretionary. See, e.g., 9 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2484, at 476. Similarly, the trial court has 'discretion in the procedure to be used to ascertain whether a substitution should be made.' 2 C. Wright, Federal Practice and Procedure Sec. 388, at 387. Thus, as in any case in which juror bias is alleged, '[a] trial court has considerable discretion in determining whether to hold an investigative hearing on allegations of jury misconduct or bias and in defining its nature and extent.' United States v. Soulard, 730 F.2d 1292, 1305 (9th Cir. 1984) (citing United States v. Hendrix, 549 F.2d 1225, 1227 (9th Cir.), cert. denied, 434 U.S. 818 (1977)). In the instant case, plaintiff argues that the trial court's inquiry into the alleged bias was insufficient and an abuse of discretion.
 
 
 9
 Although we agree with plaintiff that the better course for the district court to have followed would have been an inquiry of Father Vanderlin, failure to do so was not an abuse of discretion. Moreover, we note that such a request was not made by plaintiff's attorney. In making his motion to excuse Father Vanderlin, plaintiff's counsel set forth the basis for the alleged bias. As noted, the allegation was that Father Vanderlin would be biased against plaintiff because he was a 'social friend' and went to hockey games with one of the witnesses appearing on defendant's behalf. The allegation, therefore, was not in an area in which there is a strong risk of bias. When this is considered with the presumption that jurors perform their duties faithfully and that the proposed court action would necessarily have occasioned some delay and disruption, the district court cannot fairly be said to have abused its discretion in not conducting further inquiry.
 
 
 10
 B. Grant of Defendant's Motion to Quash the Scheduled Deposition and Prospective Trial Testimony of Doctor Retained by Defendant.
 
 
 11
 Plaintiff's second argument is that the trial court erred when it granted defendant's motion to quash the scheduled video taped deposition and prospective trial testimony of a doctor who had been retained by defendant to examine plaintiff. Plaintiff's interest in calling the doctor was to obtain a second opinion to support his claim of permanent serious knee injury; i.e., on the issue of damages. Since the jury found for defendant on the issue of liability, and since we affirm the judgment entered on the jury verdict, any issue with regard to evidence of damages is now moot.
 
 III.
 
 12
 In accordance with the foregoing, we AFFIRM the judgment of the district court.